IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**CRAYTONIA BADGER**                                                            **PLAINTIFF**
**ADC #162710**

v.                              No: 2:22-cv-00087-KGB-PSH

**K. RANDLE,** *et al.*                                                         **DEFENDANTS**

## ORDER

Plaintiff Craytonia Badger filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 20, 2022, while incarcerated at the Arkansas Division of Correction's East Arkansas Regional Unit (Doc. No. 2).  The Court granted Badger's application to proceed *in forma pauperis* (Doc. No. 3). Badger subsequently moved to dismiss his case but then withdrew his motion (Doc. Nos. 4-5).

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  The Court has reviewed Badger's complaint (Doc. No. 2), but needs clarification regarding his claims.

First, it is not clear that Badger's various complaints are factually related. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against

a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants. *See Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding.").

Second, the Court needs more information regarding Badger's retaliation claims. To succeed on a § 1983 retaliation claim, a plaintiff must prove: (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity. *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013). Speculative and conclusory, or *de minimis* allegations cannot support a retaliation claim. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam). Badger must clarify his protected activity with respect to each retaliation claim, the adverse action(s) taken by defendants, and why those defendants would be motivated to retaliate against him.

Finally, Badger must also provide more information regarding his due process claim challenging his May 15, 2022 disciplinary. An allegation that a disciplinary

is false is not sufficient to state a § 1983 claim as a matter of law. *See Dixon v. Brown,* 38 F.3d 370 (8th Cir. 1994) (recognizing that "the filing of a false disciplinary charge is not itself actionable under § 1983"); *Sprouse v. Babcock,* 870 F.2d 450, 452 (8th Cir. 1989) (same). Additionally, plaintiff cannot maintain a due process claim based on the disciplinary process unless he can "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847. "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)). Badger must amend his complaint to describe the conditions he was subjected to as a result of the May 15, 2022 disciplinary.

Badger is ordered to file an amended complaint within 30 days with a short and concise statement explaining how his claims are related, or narrowing them if needed; providing more specifics regarding his retaliation and due process claims; describing each defendant's involvement in the violation of his rights; and describing how he was injured as a result. The Clerk of Court is directed to send a

blank § 1983 complaint form to Badger. Badger is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event he fails to file an amended complaint conforming to this order within 30 days, the Court may dismiss this case.

    IT IS SO ORDERED this 26th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE