# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**CRAYTONIA BADGER**  **PLAINTIFF**
**ADC #162710**

v.　　　　　　　　　No: 2:22-cv-00087-KGB-PSH

**K. RANDLE,** *et al.*　　　　　　　　**DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Craytonia Badger filed a *pro se* complaint on May 20, 2022, while incarcerated at the Arkansas Division of Correction's East Arkansas Regional Unit (Doc. No. 2). Badger's application to proceed *in forma pauperis* ("IFP") was granted on May 23, 2022 (Doc. No. 3). Badger subsequently moved to dismiss his case but then withdrew his motion (Doc. Nos. 4-5). On September 26, 2022, the

Court directed Badger to file an amended complaint to clarify and narrow his claims (Doc. No. 7). On his motion, the time to file an amended complaint was extended until November 23, 2022 (Doc. Nos. 8-9). Badger has not filed an amended complaint.

On December 13, 2022, Badger moved to voluntarily dismiss his case (Doc. No. 10). He also asked to withdraw his application to proceed IFP. Because the Court must collect the filing fee even if a case is dismissed, 28 U.S.C. § 1915(b)(2),[1] the undersigned recommends that Badger's request to withdraw his IFP application be denied. His motion to dismiss should be GRANTED and this case be dismissed without prejudice.

IT IS SO RECOMMENDED this 14th day of December, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] *See also Copley v. Henderson*, 980 F. Supp. 322, 323 (D. Neb. 1997) ("[N]othing [in the PLRA] allows the court to stop the collection of the filing fee once we authorize a prisoner to proceed in forma pauperis. In fact, the statute directs that the "agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 *until the filing fees are paid.*" 28 U.S.C. § 1915(b)(2) (emphasis added). Thus, prisoners should understand that from the moment we allow them to proceed in forma pauperis, they owe the United States of America the full filing fee, and this is true even if they voluntarily dismiss their cases.").